**Nexhip MEZINI, Petitioner,**

v.

**Eric H. HOLDER Jr., U.S. Attorney General,\* Respondent.**

No. 08–4009–ag.

United States Court of Appeals, Second Circuit.

March 31, 2009.

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Eric H. Holder Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Charles Christophe, New York, NY, for Petitioner.

Michael F. Hertz, Assistant Attorney General, Anthony C. Payne, Senior Litigation Counsel, Ana T. Zablah–Monroe, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. RICHARD C. WESLEY, and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Nexhip Mezini, a native and citizen of Albania, seeks review of a July 29, 2008 order of the BIA affirming the May 16, 2007 decision of Immigration Judge ("IJ") Barbara A. Nelson, denying his applications for asylum, withholding of removal, and relief under the 10 Convention Against Torture ("CAT"). *In re Nexhip Mezini,* No. A200 126 451 (B.I.A. Jul. 29, 2008), *aff'g* No. A200 126 451 (Immig. Ct. N.Y. City May 16, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

██ The agency did not err in finding that Mezini failed to establish his eligibility for relief. Because Mezini's asylum application was filed after May 11, 2005, and is thus governed by the amendments made to the Immigration and Nationality Act by

the REAL ID Act, the agency, if not convinced that Mezini's testimony, even if credible, satisfied his burden of proof, was entitled to require the submission of specifically-identified corroborating evidence that was reasonably obtainable by Mezini. *See* 8 U.S.C. § 1158(b)(1)(B)(ii). Here, substantial evidence supports the agency's conclusion that Mezini's testimony and the other evidence in the record were not sufficient to establish past persecution without particular corroborating evidence. The IJ and BIA noted, for example, for example, that a letter from Mezini's parents regarding how he was mistreated was lacking in the type of detail one would expect from eyewitnesses to that mistreatment. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 342 (2d Cir.2006) (stating that the weight afforded to the applicant's evidence in immigration proceedings "lies largely within the discretion of the IJ")(alteration and internal quotation marks omitted); *cf. Diallo v. I.N.S.,* 232 F.3d 279, 286 (2d Cir.2000).

Absent a showing of past persecution, Mezini was not entitled to a presumption of a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b). As the Government properly argues, Mezini fails to challenge before this Court the IJ's finding that he does not have a well-founded fear of future persecution because he could safely relocate within Albania as his parents had done. Accordingly, we deem any such argument to have been waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir. 2005). Because the IJ's relocation finding is dispositive of Mezini's claim that he has a well-founded fear of future persecution, we need not consider his remaining arguments. *See* 8 C.F.R. § 1208.13(b)(2)(ii). Mezini's inability to show the objective likelihood of persecution needed to make out an asylum claim rendered him unable to meet the higher standard required to succeed on a claim for withholding of predicate. *See* 8 C.F.R. § 1208.16(b)(1)(i)(A); *Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

Finally, the IJ properly denied Mezini's request for CAT relief after concluding that the evidence Mezini submitted was insufficient to demonstrate that he would more likely than not be tortured if returned to Albania. *See Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 157–58 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).